# Kurts *v.* Philadelphia Rapid Transit Company, Appellant.

*Negligence—Street railways—Crowded car—Passengers— Passenger on running board—Unavoidable accident—Judgment for defendant on the record.*

1. Where a passenger standing on the running board of a crowded summer trolley car is killed through collision with the shafts of a passing vehicle, owing to the sudden and unexpected shying of the horse, no presumption of negligence on the part of the railway company arises and the burden is on the plaintiff to prove actual negligence.

2. In an action against a street railway company to recover damages for death of plaintiff's husband, it is error to submit the case to the jury, where it appeared that decedent was a passenger on a summer trolley car of defendant company and owing to the crowded condition of the car was standing on the running board; that as the car was passing a horse and wagon, the horse suddenly shied, causing the shaft of the wagon to strike the plaintiff; and the uncontradicted evidence showed that the horse did not shy until the front of the car had passed his head, and there was no evidence that the motorman saw the horse shy in time to avoid the accident, or that the car was being negligently operated.

Argued Jan. 9, 1914. Appeal, No. 332, Jan. T., 1913, by defendant, from judgment of C. P. No. 2, Philadelphia Co., Dec. T., 1912, No. 1010, on verdict for plaintiff in case of Annie Kurts v. Philadelphia Rapid Transit Company. Before BROWN, MESTREZAT, POTTER, ELKIN, STEWART and MOSCHZISKER, JJ. Reversed.

Trespass to recover damages for the death of plaintiff's husband. Before SULZBERGER, P. J.

From the record it appeared that deceased was riding on the running board of an open trolley car when the car approached a horse and wagon which were being driven in the opposite direction. When, as described by the driver, the car was close upon him, and when, as

described by a bystander, the front of the platform of the car was opposite the dasher of the wagon, the horse suddenly and without warning shied. The shaft of the wagon struck the deceased in the abdomen causing injuries which resulted in his death. There was no evidence that the motorman had any warning that the horse was about to shy or any evidence that the car was being run at an excessive or improper speed. Other facts appear in the opinion of the Supreme Court.

Verdict for plaintiff for $3,200.00 and judgment thereon. Defendant appealed.

*Errors assigned,* among others, were the refusal of the court to direct a verdict for defendant, and to enter judgment for defendant n. o. v. upon the whole record.

*Sidney Young,* for appellant.

*Joseph Singer,* for appellee.

OPINION BY MR. JUSTICE ELKIN, February 16, 1914:

In charging the jury the learned trial judge said that the evidence of negligence was "extremely scanty," and, after a careful reading of all the testimony, we have concluded that the remark quoted was not only fully justified but that it did not go far enough. There is not a particle of evidence to show that the trolley car was running at an excessive and negligent rate of speed as charged, or that it was operated in a careless and improper manner. This is not a case in which the presumption of negligence arises, but the burden was on plaintiff to prove actual negligence. This was the view of the learned trial judge and he so instructed the jury, but we fail to find any evidence to sustain the charge of actual negligence or to warrant such an inference. There is no evidence that the motorman saw the horse shy in time to avoid the accident; indeed the only direct

evidence as to this fact is that the horse did not shy until the front of the car had passed the head of the horse. The car was slowing down as it neared the crossing and the wagon which caused the injury was on the east side of Catherine street coming toward the moving car. The evidence shows that the motorman had no reason to apprehend that the horse would shy, or that there was any danger of a collision between the two vehicles. There is not the slightest doubt that the sudden and unexpected shying of the horse caused the injuries which resulted in the death of the passenger who was standing on the running board of the car. The shaft of the wagon penetrated the stomach and resulted in death two days later. We search the record in vain for any evidence to warrant an inference that the untimely death of the husband was due to anything done or left undone by appellant. The street railway company had no control of the horse or wagon which caused the injuries, and there was nothing to put the motorman on notice that the horse would shy, or that the passengers were in danger of coming in contact with a passing wagon. What was said by this court in Pittsburgh Southern Railway Co. v. Taylor, 104 Pa. 306, and in Fredericks v. Railroad Co., 157 Pa. 103, applies with convincing force to the facts of the present case. The judgment in the case at bar cannot be sustained without doing violence to the settled rule that the burden is on the plaintiff to establish the necessary facts to sustain the negligent acts upon which the right to recover depends. To sustain the judgment in the present case means that a jury may be permitted to find a verdict without any evidence of negligence and in disregard of settled rules of law.

Several other questions are raised by the assignments of error but in view of what has been stated it is not necessary to either discuss or decide them in order to dispose of this appeal. What we do decide is that there was no evidence of negligence upon which to sustain a

recovery in the present case and that it was error to submit it to the jury.

Judgment reversed and is here entered for defendant upon the whole record.